[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR TEMPORARY INJUNCTION
The plaintiff Victoria Riccio-Latella is the former wife of the defendant Peter Latella. The divorce was entered in the Superior Court in New Haven sub nom, Latella v. Latella, D. N. 90-029517, on November 2, 1992. CT Page 10309
Mr. Latella was first found in contempt of court on December 5, 1996, for failure to comply with alimony, child support, and other obligations of the divorce decree. On January 8, 1997, as part of an effort to compel Mr. Latella to comply with the orders of the court, the court ordered him to execute and tender to the plaintiff a security agreement pledging his 120 shares of stock in Dee's Inc., a waste disposal company, as security for the money owed her. There were updated findings of arrearages in April and in August of 1997.
On April 14, 2000, the court, having conducted further proceedings inLatella v. Latella, found the defendant Peter Latella in contempt and found an arrearage of $534,656.24. The court ordered him to pay a lump sum of $240,000 against this amount on or before June 1, 2000. The defendant made that payment but has not otherwise kept current on payments of child support in the amount of $600 per week and alimony of $400 per week. In addition there are obligations for payment of certain household expenses and property taxes for the house in which the plaintiff and the two minor children reside on which the defendant is falling progressively behind. It is likely that if the court were to conduct a full hearing on the arrearage today the amount immediately due and owing would be $302,000. Moreover, unless any of the obligations of Mr. Latella under the decree terminate earlier than anticipated, his likely future liability for child support (to age 21 for each child under the decree), alimony (to 2002), college expenses and the like could easily be another $516,000 through the year 2011.
Faced with the sorry payment history of Mr. Latella and armed with his written pledge of his rights to the Dee's stock, which amounts to 22% of the outstanding shares of the company, the plaintiff has filed this action for a declaratory judgment and other relief against the defendants Dee's, Inc., and Peter Latella to protect her right to share in the benefits of an impending sale of the assets of Dee's, Inc. The transaction is in the final stages of negotiations and is likely to result in a gross payment to the corporation in excess of $6 million. The United States has been named as a defendant because the Internal Revenue Service has served a Notice of Levy on Dee's to collect unpaid taxes from Mr. Latella of $510,366.93.
Preliminary to a determination of the amount to be distributed pursuant to any sale of the assets of Dee's and the priority of claims to Mr. Latella's portion of the distribution, the plaintiff asks for a temporary injunction to compel Dee's to hold in escrow 22% of the gross proceeds of the sale of the assets and to make no distribution to Mr. Latella until such time as the discovery is complete and the court can conduct further proceedings and make further orders concerning the plaintiff's entitlement CT Page 10310 to a share in the proceeds of the sale. Neither Dee's nor Mr. Latella interpose any serious objection to an order that prohibits any distribution of cash proceeds to Mr. Latella.[1] Dee's does object to any order that it sequester any gross proceeds from the sale. Dee's opposes any order that prohibits it from making a distribution to the other stockholders based on the normal and necessary internal accounting to determine the net proceeds to be distributed proportionately to its stockholders. Dee's also filed a Motion to Dismiss claiming that the court has no subject matter jurisdiction over the controversy and that the controversy is not ripe, a motion that the court denied. Dee's further opposes the application on the grounds that the plaintiff has failed to prove any of the elements for the granting of an injunction, because she has an adequate remedy at law, namely the availability of a lawsuit for money damages.
Mr. Latella' opposition to the application for temporary injunction is largely grounded on the amount that the plaintiff requests be sequestered. Mr. Latella argues that the most that has been judicially determined that he owes that is not subject to modification is $265,000. The position of the Internal Revenue Service is that a sequestration of certain gross proceeds of the transaction may assist it in its own collection efforts, but the IRS is otherwise interested mainly in a determination of priorities to any fund at a later time.
The plaintiff requests the court to enter a temporary injunction to freeze certain assets of the defendant Dee's. To prevail on an application for temporary injunction, the plaintiff must demonstrate that she is likely to succeed on the merits; that there is no adequate remedy at law; that she will be irreparably harmed if relief is not granted; and that the balance of equities favors the relief requested. See, e.g.,Griffin Hospital V. Commission on Hospitals and Health Care, 196 Conn. 451,457-61 (1985).
The relief requested is that Dee's be enjoined from making the ordinary business and accounting decisions necessary to determine the net funds to be distributed to its stockholders and rather to have the court impose a restriction concerning 22% of the gross funds. This restriction interferes with the economic rights of the corporation and potentially extends that interference to the economic rights of the stockholders to receive a prompt, full distribution. Nonetheless, if the plaintiff has proven the requirements for the broad temporary injunction she seeks, the fact that what she seeks is the preservation of and security in an economic interest does not prohibit the entry of an injunction. See, generally, Dobbs on Remedies § 6.1(5), Interference with Economic Rights: Injunctive Recovery of Money — Freezing Assets. CT Page 10311
There is an interesting subtext to the plaintiff's claim advanced during oral argument but, alas, unsupported in the evidence. The plaintiff fears that, since Dee's Inc. is a closely held corporation in which two of its four or five principals are the defendant Peter Latella and his father, the directors of the corporation may play fast and loose with the accounting of the cash realized from the sale of the assets. She is concerned that there may be credits or actual payouts to Mr. Latella from the gross proceeds for illusory loans to the business or for other claims on his behalf which would not show up as a shareholder distribution attributable to him but would nevertheless end up in his hands. of course the June 29, 2000, Order of Judge Jones prevents Mr. Latella from receiving any such payout. But Mr. Latella has previously shown himself to be indifferent to orders of the court over many years.
Dee's argues that there is no basis to assume either that it will skew its accounting in Mr. Latella's favor or that it will erroneously and perhaps unlawfully compensate or reimburse him money which he is not owed. Were it to do so, the plaintiff (not to say the Internal Revenue Service) would likely have a cause of action against the corporation and, if the directors breached their fiduciary duty in the process, against others individually for damages.
But the more compelling reason for denying the plaintiffs requested remedy is simply that there is no basis in the evidence to support it. Yes, she has proved that she is owed substantial sums from Mr. Latella. Yes, she has proved her best chance to collect what she is owed is from the distribution to shareholders. But no, she has not proved that the corporation is or ever has been a party to assisting Mr. Latella in hiding money from the plaintiff. She has failed to show a likelihood of success with respect to her ultimate remedy against Dee's. That is, she has failed to prove that only by sequestering 22% of the gross proceeds can she preserve her rights against Mr. Latella. The corporation should therefore be bound by a temporary injunction only to the extent that the current court order of Judge Jones binds Mr. Latella, i.e., that the corporation cause to be placed "in escrow any finds that are to be received by [Peter Latella] or that are earmarked for his benefit from this closing." The corporation through its counsel has indicated its willingness to abide by such an order.
Therefore as continued security for the payment to the plaintiff of sums due from the defendant Peter Latella, the court hereby enjoins the defendant Dee's, Inc., from making any payment or disbursing any funds to Peter Latella as a result of the closing of the asset sale of Dee's, Inc., and that Dee's, Inc., cause to be held in escrow until further order of the court any funds that are to be received by Peter Latella or that are earmarked for his benefit from the closing. Dee's is otherwise CT Page 10312 free to conduct its business affairs in general, and the closing and subsequent accounting in particular, in accordance with appropriate and lawful business and accounting principles.
IT IS SO ORDERED.
Patty Jenkins Pittman, Judge